. Domingo Torres, Plaintiff and Appellant, *v.* Municipality of Ponce et al., Defendants and Appellees.

No. 3724. Argued November 16, 1943.—Decided December '17, 1943.

*Antonio V. Acosta* for appellant. *Francisco M. Susoni Lens* and *R. Hernández Matos* for appellees.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The question to be decided in this appeal is whether a complaint in which it is alleged that an employer insured with the State Insurance Fund was negligent in failing to report to the Manager of the Fund, in violation of the Workmen's Accident Compensation Act, an accident claimed by the plaintiff to have occurred during the course of his employment and that, in consequence of such negligence, plaintiff failed to receive the compensation to which he is entitled under said Act, states facts sufficient to constitute a cause of action. The facts are as follows:

Domingo Torres in his complaint alleged that on September 22, 1941, the Municipality of Ponce hired a truck belonging to the codefendant Sixto Luccioni in order to devote it to the cleaning of the streets of Ponce, and in connection with such cleaning and operation plaintiff was engaged to work as a chauffeur; that on September 23, 1941, upon the plaintiff reporting for work, he was ordered to take the truck to be greased and prepared at the Garage Popular, and that at that place he suffered an accident, in the course of his employment, as follows:

"While the truck was on the lifter for greasing (*burro de engrase*) but with the wheels still on the pavement, the plaintiff stood on the running board of the truck in order to place the carpets inside said truck, and just as he was stepping down without noticing that the greaser had already lifted the truck above the pavement, he fell backwards on the pavement from the height reached by the truck."

That in consequence of the accident the plaintiff was taken to a hospital on the same day and was confined therein for six months; that in consequence also of the accident he has been unable to resume work, as he has sustained the following permanent injuries:

"The complete fracture of the transverse apophyses of the second, third, and fourth vertebrae with severing of the distal fragments. General impairment of the body and incapacity for work of any kind."

The plaintiff further alleged that he notified the accident to the Municipality of Ponce and to its codefendant Luccioni and that, according to plaintiff's information and belief, neither of the defendants reported the accident to the State Insurance Fund in accordance with §19 (*sic*) of Act No. 45 of 1935; that in consequence of the negligence of the defendants, the plaintiff has failed to receive up to the present time, any compensation or indemnity for the damages sustained; and that he estimates at $540.50 the amount of prospective wages lost during 49 weeks, and $2,000 as personal damages, consisting in the fracture and injuries received, pain, suffering, mental anguish, and other ailments.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and the demurrers were sustained by the lower court, which proceeded to render judgment dismissing the complaint, as it considered that the same was not capable of amendment.

The lower court held (*a*) that, since the accident alleged in the complaint was not one which the workman had suffered in the course of his employment and as a consequence thereof, the employer was not bound to report the case to the Manager of the Fund; (*b*) that as it had not been alleged in the complaint that the accident was due to the negligence of the defendants, the latter were not liable for the allowances and compensations which the workman might have received from the Fund; (*c*) that the case should be governed by the decision in *Castro* v. *Marrero,* 54 P.R.R. 189; and (*d*) that the remedy provided by Act No. 45 of 1935, is exclusively applicable to cases of employers insured with the Fund such as is the defendant municipality.

Section 13[1] of Act No. 45 regarding workmen's accident

---

[1] "Section 13.—Every employer shall keep a record of all injuries whether serious or slight, received by his workmen or employees in the course of their employment, or of such diseases as are covered by law. Within five days after an accident occurs, the employer shall file a written report with the Manager of the Fund on blanks furnished by him. Said report shall state the name

compensation, approved April 18, 1935, imposes on an insured employer the clear and precise duty of reporting to the Manager of the Fund any accident sustained by one of his workmen or employees in the course of his employment. It fixes a short and limited period, five days, for complying with said duty in order that the Manager of the Fund may investigate the facts at the shortest time possible after the accident has occurred. If the employer fails to report the accident because he erroneously considers that the same did not occur in the course of the employment, he runs the risk of being subjected to the penalty provided by the statute. Whether he is also liable to a civil action for damages is the question for decision in this appeal.

■■ We proceed, therefore, to consider the conclusion of the lower court to the effect that, as no negligence on the part of the defendants in connection with the accident has been alleged, the complaint is insufficient in accordance with the decision in *Castro* v. *Marrero, supra.*

The facts in said case were different from those of the one herein. In the former case an uninsured employer was involved and the Section of Act No. 45 of 1935 which was construed and applied was §15, which in part provides that "Should any employer employing four (4) or more workmen or employees fail to insure the payment of compensation for labor accidents in accordance with this Act, any prejudiced workman or his heirs may proceed against such employer by filing a petition for compensation with the Industrial Commission, and may, also, bring suit for damages just as if this Act were not applicable; . . . . " and it was held that,

---

and the nature of the occupation of the workman or employee, the wages earned by him, the location of the establishment, and the name, age, sex, and occupation of the injured workman or employee; it shall state the date and hour of any accident causing the injury, the nature and cause of the injury, and any other information required.

"Employers refusing or neglecting to make the reports required by this section shall be punished by the municipal court of the residence of the employer, by a fine which shall not exceed one hundred (100) dollars."

since the proviso contained in §31 of Act No. 85 of 1928, establishing that a presumption of negligence in connection with the accident existed against the employer, had been eliminated from §15, a complaint against an uninsured employer which did not allege such negligence was insufficient. Inasmuch as the action for damages granted to the workman is in addition to any claim that may be filed with the commission, it was expressly declared in the *Castro* case, *supra,* that: "Thus, the employer by failing to insure does not avoid the consequences of the statute, nor does he avoid falling within the jurisdiction of the bodies created by the act, or the provision applicable to him. *The employee is always secured."* (Italics ours.)

In the case at bar the workman alleged that he notified the accident to the defendants and that he was confined in the hospital for six months. The employer, in violation of §13, *supra,* failed to report the accident to the Manager of the Fund, and such an omission is what the plaintiff charges as negligence under—as he claims in his brief—§1802 of the Civil Code, and he argues that the failure of the employer to report the accident to the Fund constituted the negligence involved in this case.

The lower court held, however, that the remedy provided by Act No. 45, *supra,* applies exclusively to employers insured with the Fund, in accordance with §20, which provides that the right established in said Act to obtain compensation "shall be the only remedy against the employer." In making a proper determination of the legal question presented in a case like the one at bar, there must be taken into consideration not only §13, *supra,* which imposes a duty upon the employer, but also the proviso contained in the fourth paragraph of §5 of Act No. 45, which says:

" . . . *Provided,* That should the workman or employee fail to present himself to the physician for professional treatment within a period of not more than five (5) days after the accident occurs, and

fails to explain his delay satisfactorily to the Manager, the said Manager may deprive him of his right to receive any compensation, but under no circumstances can the workman or employee be denied such medical attendance as, in the judgment of the Manager, may be deemed necessary in endeavoring to bring about his complete recovery; . . . "

In the cases of *Torres* v. *Industrial Commission*, 55 P.R.R. 425, and *Montaner, Mgr.* v. *Industrial Commission*, 56 P.R.R. 272, this court had before it for construction said "proviso," in connection with the rights of the workman and his beneficiaries. In the *Torres* case, neither the employer nor the workman had given notice of the accident to the Manager of the Fund, and the beneficiaries of the workman gave such notice after the latter had died, or one month and a half after the alleged accident had occurred; and it was held that unless the default was satisfactorily explained, the failure of the injured workman to report to the physician of the Fund within the period fixed by law, deprived the workman as well as his beneficiaries of the right to obtain compensation, inasmuch as "the Fund has a statutory right to be notified of the accident within five days, *either by the employer's report of the accident or by the employee's appearance before the Fund's doctor.*" (Italics ours.)

Subsequently, in the case of *Montaner* v. *Commission, supra,* this court clarified and limited the scope of its former decision and at page 276, said:

"This court did not hold in the *Torres* case, *supra,* that the failure to report an accident within five days deprives the Industrial Commission of all power to act upon a claim for compensation notwithstanding a waiver of the statutory requirement by the Manager of the State Fund. No such question was involved in that case."

The *Torres* case was further discussed and it was declared that the question reached therein "must be construed in the light of the question and of the facts before the court . . ." and that "so construed, it does not mean that

the statutory right referred to may not be waived by the Manager of the State Fund." After citing §§13 and 5 of the Act, *supra,* it was expressly held:

"The failure of the injured workman to present himself for examination within five days after the accident or to explain the delay, *is not an absolute bar to recovery. Manifestly, it is a matter within the sound discretion of the manager to be exercised in accordance with the circumstances of a particular case."* (Italics ours.)

In the case at bar, the workman alleged that he gave notice of the accident to the employer as soon as it occurred and that thereafter he was confined in the hospital for six months; but he failed to allege whether he notified the physician of the Fund in any way. Nor does the complaint contain any allegation as to whether the Fund had denied him compensation because of the failure on the part of the employer to report the accident or because the workman had failed to satisfactorily explain his delay in presenting himself to the physician of the Fund; or as to whether, in the event such a decision had been made by the Fund, he appealed therefrom to the Industrial Commission and that body had affirmed the same, he then applying for a review thereof to this Supreme Court. All those allegations are necessary. The remedies granted to him by the Workmen's Accident Compensation Act having been exhausted, and the fact of his inability to present himself to the physician of the Fund within five days after the accident having been alleged, it could then be determined whether the complaint was sufficient. His cause of action would arise from the employer's failure to comply with the duty to report the accident which the law imposes upon him. Even though §20, *supra,* provides that the remedy granted by the Act is exclusive, we are of the opinion that, in a proper case—and the case at bar may be such since in the complaint it is alleged that the appellant was confined in the hospital for six months—a workman who alleges his freedom from fault in

failing to present himself to the physician of the Fund and who, in spite of this, has been unable to obtain compensation essentially because of the fact of the failure on the part of his employer to report the accident, his complaint so alleging would be sufficient. Section 13, *supra,* as we have stated, imposes a duty upon the employer. The fact that at the same time it imposes upon him a penalty for the failure to comply with such duty does not compensate in any way the damages which may have been suffered by the workman. In a case like the one at bar, where the workman alleges that he is permanently disabled in consequence of the accident, it would be unjust to deprive him of all remedy if it is within his power to allege and prove, among others, the facts above stated.

We do not agree, either, with the conclusion of the lower court that the facts alleged in the complaint show that the accident did not occur in the course of the employment and as a consequence thereof. It is true that it is alleged that the plaintiff was employed as chauffeur to operate a truck used in the municipal street cleaning; but it is also alleged that the employer had instructed him to take the vehicle to be greased and prepared at a garage and that it was at that place and while the plaintiff was placing the carpets in the vehicle that the accident occurred. So that, although the plaintiff was employed as a chauffeur, he was also ordered by the employer to perform other duties. The determination made by the lower court as to whether it was incumbent not on the chauffeur, but on the greaser to place the carpets, was a conclusion which could only be reached after examining the evidence and not merely from the allegations of the complaint. This is not a matter of which a court could take judicial notice, and if there is anything in the customs of the country on which a presumption could be based it would be contrary to said conclusion, for it is a matter of common knowledge that the duties imposed by an

employer on his chauffeur are not always confined to the mere function of operating or driving a vehicle. Whether or not it was incumbent on the chauffeur to take out and replace the carpets in connection with the greasing of the vehicle are facts to be proved, and after such proof has been made, the court can then determine whether or not the accident occurred in the course of the employment and as a consequence thereof.

■ Regarding the codefendant Sixto Luccioni, the lower court itself admits in its opinion that the complaint should have alleged that he had bound himself under contract with the municipality to do the street cleaning and that he had employed the plaintiff in connection with such work. Assuming, without holding, that such an allegation were necessary, what the conclusion of the lower court shows is that also as regards the codefendant Luccioni the complaint could have been amended.

Under all the attendant circumstances, we are of the opinion that the lower court erred in dismissing the complaint on the ground that the same was not capable of amendment. On the contrary, we think that the appellant should be given an opportunity to amend it, if he can, in accordance with the principles set forth in this opinion.

The judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.